## G. W. SHELDON & CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 4, 1907.)

No. 52 (4,162).

**1. CUSTOMS DUTIES—CLASSIFICATION—"SCRAP IRON"—OLD CHAINS.**

Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 122, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1636], which provides for "scrap iron," and defines it as "waste or refuse iron * * * fit only to be remanufactured," refers not only to pieces or scraps thrown off or discarded in the course of manufacture, but to completed articles worn out by use, such as old chains, in small pieces, fit only for remanufacture.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 7, p. 6358.]

**2. SAME—SPECIFIC DESIGNATION—"SCRAP IRON"—"JUNK."**

The provision for "scrap iron" in Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 122, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1636], is more specific than that for "junk, old," in section 2, Free List, par. 588, 30 Stat.

198 [U. S. Comp. St. 1901, p. 1684], as the latter includes an infinite variety of things, of which one kind is "scrap iron."

[Ed. Note.—For other definitions, see Words and Phrases, vol. 7, p. 6358; vol. 4, p. 3874.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

This is an appeal by the importers from the Circuit Court, Southern District of New York, affirming a decision of the Board of General Appraisers, G. A. 6,281 (T. D. 26,917), which sustained the action of the collector. For decision below, see 152 Fed. 318.

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The merchandise in question is old iron chains, in small pieces, fit only for remanufacture. The government contends that this merchandise is subject to duty under paragraph 122 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1636]):

"Iron in pigs, iron kentledge, spiegeleisen, ferro-manganese, ferro-silicon, wrought and cast scrap iron, and scrap steel, four dollars per ton; but nothing shall be deemed scrap iron or scrap steel except waste or refuse iron or steel fit only to be remanufactured."

The importers claim that the merchandise is entitled to free entry under paragraph 588:

"Junk, old."

It may be conceded at the outset that these chains are old junk. But it does not necessarily follow that they are entitled to free entry. If they are more specifically described in the "iron" paragraph than in the "junk" paragraph, they fall within its provisions. Thus, while old bottles are old junk, it was held in Carberry v. United States (C. C.) 116 Fed. 773, that they came within the provision specially describing bottles. So, if these old chains were fit for use, they might still be junk, but would be better described in the special chain paragraph.

In our opinion old, broken, iron chains, fit only for remanufacture, are more specifically designated as "scrap iron" in the "iron" schedule than as "old junk." There is evidence that in the trade they are called both "scrap iron" and "junk"—the terms being used interchangeably. But the latter term is of much wider application than the former. It includes an infinite variety of things. Articles of iron are only one kind of junk. All scrap iron may be junk, but all junk is not scrap iron. But notwithstanding the testimony that in the trade both terms "scrap iron" and "junk" are applied to secondhand chains, the importers contend that the former term as used in paragraph 122 is inapplicable to old material. In support of this contention they especially call attention to the concluding portion of the paragraph, "but nothing shall be deemed scrap iron or scrap steel except waste or

refuse iron or steel fit only to be remanufactured." And they contend "that the terms 'waste' or 'refuse iron' refer to iron pieces or scraps which have been thrown off or discarded in the course of manufacture, and do not apply to completed articles which have been in use in trade and commerce for a specified purpose."

We cannot approve this contention. The "iron" schedule in the act apparently embraces all kinds of iron and iron products. The evident purpose of the proviso in the present paragraph is to limit the operation of the low rate of duty to iron products of low value—to compel other products to pay higher rates, not force them out of the "iron" schedule altogether. The construction contended for would contravene this purpose, and admit a large variety of iron articles free of duty. There is nothing in the phrase "waste or refuse iron or steel" which compels such construction. In the ordinary use of words this phrase well applies to old broken up chains, good only for remanufacture. Moreover, the Supreme Court has negatived the claim of the importers that the term "waste iron" is inapplicable to old iron by its decision in Schlesinger v. Beard. 120 U. S. 264, 7 Sup. Ct. 546, 30 L. Ed. 656. The history of the statute also supports this view. Prior to 1890 the proviso in the paragraph of the tariff act, which corresponded to paragraph 122, read as follows:

"Nothing shall be deemed scrap iron or scrap steel except waste or refuse iron or steel that has been in actual use and is fit only to be remanufactured."

Here the term "scrap iron" expressly covered old iron, and could not cover anything else. New iron was excluded. The scraps or pieces left over in the process of manufacture, which the importers say are the only things which come under the present statute, could not have come within the original act at all. To sustain the importers' contention is to hold that the provision as amended is now inapplicable to the only articles which it formerly covered, and that Congress narrowed the scope of the statute by striking out words of limitation.

The decision of the Circuit Court is affirmed.